# January Term, 1922

## No. 9969.

PEOPLE, EX REL. AUSTIN, ET AL. *v.* GRAHAM, city clerk of the City of Boulder; STREAMER, ET AL. Interveners.

Decided November 7, 1921. Rehearing denied January 9, 1922.

Petition for writ of mandamus to compel a city clerk to refer a municipal ordinance to the electors for approval or rejection. Petition denied.

### *Reversed.*

1. MUNICIPAL CORPORATIONS—*Ordinances—Title.* The title of an ordinance which includes only the matter of the submission to a vote of the qualified, taxpaying electors of the city, the question of creating an indebtedness for park purposes, does not include the matter of issuance of bonds for such purpose.

2. *Ordinances—Classification.* Administrative acts of municipalities are those which have to do with daily affairs, as distinguished from those which concern permanent matters and are legislative in character.

3. *Ordinances—Referendum.* A city ordinance, providing for the issue and sale of bonds for acquiring a site for, and equipping a recreation park, is legislative in character, and under a section of the charter providing that the people at their option shall have power to approve or reject at the polls any measure passed by the council, must be referred, on the filing of a proper petition therefor.

*Error to the District Court of Boulder County, Hon. Neil F. Graham, Judge.*

Messrs. GOSS, KIMBROUGH & HUTCHINSON, for plaintiff in error.

Mr. FRANK L. MOOREHEAD, for defendant in error.

Mr. T. A. McHARG, for interveners.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error filed in the district court a petition for a writ of mandamus to compel the city clerk of Boulder, defendant in error, to refer to the electors of said city an ordinance providing for the issue and sale of bonds for the purpose of providing the city with a recreation park.

Several taxpayers obtained leave to answer the petition as interveners, and an answer was filed also by the city clerk. A hearing upon the petition, answer and replication was had, and the application for the writ was denied. The right of the petitioners to have this ordinance referred is the only question involved in this cause.

The City of Boulder belongs to the class known as home rule cities, and operates under a charter adopted under the provisions of article XX of the Constitution.

On September 30, 1919, the City Council adopted an ordinance known as Ordinance No. 819, the title of which is as follows:

"An ordinance providing for the submission to a vote of the qualified electors of the city of Boulder as shall in the year last preceding the election have paid a property tax therein, the question of creating an indebtedness of and the issuance of bonds by the city of Boulder in the sum of one hundred thousand dollars ($100,000.00), for the purpose of acquiring a site for and the equipping of a recreation park in the city of Boulder to be known as 'Memorial Park.' "

The ordinance was submitted to the taxpaying electors of the city, as required by Section 97 of the city charter, and was approved by the vote thereon.

Thereafter, the City Council passed Ordinance No. 836, the title of which is as follows:

"An ordinance providing for the issue and sale of the

negotiable coupon bonds of the city of Boulder, Colorado, in the sum of one hundred thousand dollars ($100,000.00), for the purpose of acquiring a site for and the equipping of a recreation park in the city of Boulder to be known as 'Memorial Park,' and the necessary expenses connected therewith, prescribing the form and details of the issuance and negotiation of said bonds and the necessary provisions for the levy of the taxes to pay both principal and interest on said bonds."

This is the ordinance which the petitioners sought to have referred.

They contend here that said Section 97 is a limitation upon the power of the city to issue bonds, making the consent of the taxpaying electors necessary to such issue; that it is not a grant of power to such electors alone to authorize an issue. That section is but an affirmation of the provision of section 8 of article XI of the Constitution, which requires that the consent of the taxpaying electors be secured before a city or town may incur any debt.

Counsel point out that this provision has been held in *City of Denver v. Hayes,* 28 Colo. 110, 63 Pac. 311, to be a prohibition upon the creation of debts for municipal purposes; hence it cannot be regarded as a grant of power to the taxpayers. The charter section, it is urged, must be given a like construction.

Counsel further contend that Ordinance 836, which provides specifically for the issue of bonds, their form and other details, is, under Section 43 of the charter, to be submitted to a vote of all the electors of the city.

That section provides that "the people shall have power at their option to approve or reject at the polls any measure passed by the council, or submitted by the council to a vote of the electors," etc. The section excepts four kinds of measures, none of which concerns the issue of bonds.

It is urged that not only is this ordinance within the terms of section 43, but that it is clearly within its general scope, in that it is legislative in character. Defendants in error, on the other hand, insist that Ordinance 819, when

approved by the taxpaying electors, authorized, not merely consented to, the bond issue and that Ordinance 836 is a mere administrative measure. In other words, their position is that none but taxpayers may express themselves at the polls upon this question of incurring a debt. We are of the opinion that the construction given by this court to the constitutional provision mentioned applies also to the charter provision, and that Ordinance 819 does not, and was not by the council intended to make final provision for establishing a park, for which a bond issue was necessary.

Section 16 of the charter requires that "All ordinances and resolutions shall be confined to one subject clearly expressed in the title." Ordinance 819 by its title provided not for an issue of bonds but for "the submission to a vote of the qualified electors of the City of Boulder as shall have in the last year paid a property tax therein, the question of creating an indebtedness, etc." This ordinance did not, and under its title could not, do more than submit the question of incurring an indebtedness to the taxpayers for approval. True, it contained, as it ought, a general statement as to the bonds, etc., which was necessary to enable the electors to vote understandingly on the question; but that statement is but a description of the bonds which the council sought consent, subsequently, to authorize by appropriate action.

The very fact that Ordinance 836 was passed by the council shows that such was the council's intent and understanding. Said ordinance recites that the city had been empowered by the vote on Ordinance 819 to issue bonds; and then it goes on to provide for their issue, and to prescribe the purpose thereof. In passing it the council had first to determine that it was advisable that the city have a park, and that the sum of one hundred thousand dollars was proper to be expended therefor. That was not determined by Ordinance 819, which merely proposed the question for the consideration of the taxpayers. Upon those questions, and upon the form of the bonds, the rate of interest, etc., the council exercised its judgment, and in pass-

ing upon them and authorizing the bond issue it acted in its legislative capacity. The measure concerned not merely the taxpayers, but all the electors of the city. A nontax-paying elector has an interest in the prosperity and general welfare of the city of his residence. He may hope and expect, in time, to become a property owner and taxpayer. If the city become heavily indebted for one purpose it may be left without proper means for administering its affairs in other respects. A large expenditure for parks, and other municipal purposes, might create so great a demand on the city's revenues as to prevent the efficient policing of the city or the proper lighting of the streets. There is, therefore, good reason why a charter might require a question of this kind to be submitted to all the electors. According to the authorities, administrative acts of municipalities are those which have to do with daily affairs, as distinguished from those which concern permanent matters. The creation of a park cannot be regarded as a temporary matter.

In *Hopping v. Council of City of Richmond*, 170 Cal. 605, 150 Pac. 977, the question involved was the appropriation of money for the erection of a city hall. The city council had passed resolutions providing for the construction of a city hall, but refused to submit them to a vote of the people. The California court said of the resolutions, at page 614:

"They involved and required a determination by the council that the public interest of the city required that it should have a city hall, that the same should be located on the land offered for that purpose, * * * that a suitable building should be erected thereon, that the money of the city should be appropriated and used in the construction thereof, and that, when completed the building should be occupied and used by the city officers as a city hall and for municipal purposes, and the declaration by the council that all of these things should be done accordingly. This constituted a declaration of a public purpose and a provision for ways and means of its accomplishment. * * * It was to that extent a thing which the legislative power alone may declare and determine. The council could consider

the questions of public good, public interests and public policy involved solely by virtue of and in the exercise of its legislative powers, and its action thereon was clearly an act in the exercise of that power."

Counsel for defendants in error cite several cases from other states in support of their position. An examination of said cases discloses that, because of radically different facts and statutory provisions, they are not in point. One or two of them contain *dicta* which lend support to the defendants in error, but they are in conflict with those cases in which the question here under consideration was involved, and directly passed upon. Ordinance 836, being an act of legislation, is within the class of measures which must be referred on the filing of a proper petition therefor.

The judgment is accordingly reversed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE DENISON not participating.